IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

**LARRY THOMAS NIXON,**

    Plaintiff,

v.

**UNITED PARCEL SERVICE**,

    Defendant.

Civil Action No. 7:13-CV-38 (HL)

ORDER

This case is before the Court on Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) and Motion for Appointment of Counsel (Doc. 3). For the reasons discussed below, both motions are denied.

I. **Motion to Proceed IFP**

The Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. 28 U.S.C. § 1915(a)(1). The Court's decision to allow a litigant to proceed IFP is discretionary. *See* Pace v. Evans, 709 F.2d 1428, 1429 (11th Cir. 1983). While a litigant does not have to show he is "absolutely destitute" to qualify under Section 1915, a litigant does need to show an inability "to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004).

The Court has "wide discretion" in ruling on a motion to proceed IFP, and should grant the privilege "sparingly" in civil cases for damages. Id. at 1306. "A litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324, 109 S.Ct. 1827 (1989).

Plaintiff has provided a long form application to proceed IFP in support of his motion. The Court has considered the information provided in the application in determining whether Plaintiff is a pauper for purposes of filing this action.

Plaintiff and his wife are both employed. Plaintiff has been employed by his current employer since January of 2013. His gross monthly pay is $1,220. Plaintiff's wife has been employed by her current employer since August of 1985, and her gross monthly pay is $2,440. Thus, their combined gross wages equal $43,920 per year, or $3,660 per month.[1]

Plaintiff lists three dependents on his application. Plaintiff states he and his spouse have $10 in cash between them, and $4 in their checking account. They own two vehicles worth a total of $2,500. While Plaintiff alleges in his application that his house has a value of only $8,500, the Tift County Tax Assessor's records

---

[1] In making an IFP determination, the Court can consider income provided by a spouse. See Monti v. McKeon, 600 F.Supp. 112, 114 (D.Conn. 1984). There is no indication in the motion that Plaintiff and Ms. Nixon do not share their income, or that Ms. Nixon will not receive any pay while recovering from back surgery.

show the 2012 tax value of the property located at 22 Sandcreek Road, Tifton, Georgia, owned by Larry T. Nixon and Sherin R. Nixon, to be $124,112. The application does not reflect how much equity Plaintiff has in the house, if any. Plaintiff's listed monthly living expenses include: $435 for a mortgage payment; $250 for utilities; $200 for food; $50 for clothing; $120 for transportation; and $80 for car insurance. Plaintiff's wife's listed monthly living expenses include: $400 for a mortgage payment; $80 for utilities; $200 for food; $50 for clothing; $120 for transportation; $13.24 for recreation and entertainment; $36.24 for health insurance; $178.80 for health insurance; and $80 for car insurance. Neither Plaintiff nor his wife has any credit card or other installment debts to pay. The combined total monthly expenses are $2,293.28.

Based on the information provided in Plaintiff's application, the Court finds that Plaintiff and his wife can provide necessities for themselves and their dependents and also pay the filing fees and costs associated with this case without undue hardship. The combined income of $43,920 per year puts Plaintiff and his family well above the poverty level for a family of five, which for 2013 is $27,570.[2] *See* http://aspe.hhs.gov/poverty/13poverty.cfm. It is also worth noting

---

[2] Although not dispositive, other cases have used the poverty guidelines set by the United States Department of Health and Human Services as a measure to be used in determining whether a plaintiff should be allowed to proceed IFP. *See, e.g.,* Martinez, 364 F.3d at 1305.

that Plaintiff was able to pay $150 to Dianne Goodman for unspecified services in connection with this case.

Plaintiff does not meet the financial criteria to proceed IFP, and his motion to so proceed is denied. Plaintiff will have until April 24, 2013 to pay the entire $350 filing fee. Failure to pay the fee before or on April 24 will result in the dismissal of this case without further notice from the Court.

## II.     Motion for Appointment of Counsel

Plaintiff has also requested that the Court appoint legal counsel to represent him in this action. Plaintiff states that he has attempted to obtain counsel but cannot because of financial hardship.

"A plaintiff in a civil case has no constitutional right to counsel." Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999). Pursuant to Section 1915, a court has the discretion to appoint counsel for an indigent plaintiff, but counsel should be appointed only in exceptional circumstances. Id. Exceptional circumstances generally exist "where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990).

Because the Court has determined that Plaintiff is not indigent, he does not qualify for a Section 1915 appointment of counsel. Thus, it is not necessary to

examine whether Plaintiff's case is exceptional so as to warrant the appointment of counsel. The motion to appoint counsel is denied.[3]

**SO ORDERED**, this the 3rd day of April, 2013.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh

---

[3] The Court notes that Section 1915 does not provide for fees to pay for appointed counsel in a civil case. In effect, the Court would be required to pressure an attorney to work for free. *See* Williams v. Grant, 639 F.Supp.2d 1377, 1381 (S.D. Ga. 2009) (noting the "professional compulsion" lurking behind a judge's 28 U.S.C. § 1915(e)(1) request).