**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

**LARRY THOMAS NIXON**,

      Plaintiff,

v.

**UNITED PARCEL SERVICE, INC.**,

      Defendant.

Civil Action No. 7:13-CV-38 (HL)

**ORDER**

Plaintiff has responded to the Court's show cause order entered on August 5, 2013. In his response Plaintiff requests that the Court extend the deadline for him to effect service upon Defendant. Plaintiff states that he attempted to serve Defendant at the local UPS office, but the documents were refused. He has also sent documents to the UPS corporate office in Atlanta, which were received according to the certified mail receipt attached to the show cause response. Plaintiff has attempted to get Defendant to waive service of the summons but Defendant has not returned the signed waiver. On August 7, 2013, Plaintiff had a summons issued by the Clerk of Court, presumably so he can have Defendant personally served.

Under Federal Rule of Civil Procedure 4(m), a plaintiff has 120 days from the date the complaint is filed to serve the defendant. If a plaintiff shows good cause for the failure to serve the defendant within the 120-day period, the court must extend the time for service for an appropriate period. Fed.R.Civ.P. 4(m). Good cause exists "when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007). But

"[e]ven in the absence of good cause, a district court has the discretion to extend the time for service of process." Id. at 1282. Indeed, "when a district court finds that a plaintiff fails to show good cause[,] . . . the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case." Id. "Only after considering whether any such factors may exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." Id.

With respect to whether Plaintiff has shown good cause, there is no evidence that he has relied on faulty advice; however, there is also no evidence that he has acted negligently or otherwise failed to proceed in good faith when attempting to serve Defendant. He has attempted twice to get Defendant to waive service, and has now taken affirmative steps to have Defendant personally served. The record shows that Plaintiff has acted diligently and has made efforts to comply with Rule 4.

Upon consideration, the Court finds that Plaintiff has shown good cause for extending the deadline for effecting service on Defendant. Plaintiff shall have until October 18, 2013 to effect service on Defendant. Failure to effect service within this time period may result in the dismissal of this case without prejudice. If Plaintiff cannot serve Defendant within this time period and needs additional time, he must file a motion with the Court before October 18 which details his efforts to serve Defendant.

SO ORDERED, this the 21st day of August, 2013.

_s/ Hugh Lawson_____
**HUGH LAWSON, SENIOR JUDGE**

mbh