IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

**LARRY THOMAS NIXON**,

    Plaintiff,

v.

**UNITED PARCEL SERVICE, INC.**,

    Defendant.

Civil Action No. 7:13-CV-38 (HL)

**ORDER**

This case is before the Court on Defendant United Parcel Service, Inc.'s Motion to Dismiss (Doc. 11). For the reasons discussed below, the motion is granted.

**I.   FACTUAL ALLEGATIONS**

Plaintiff began working for UPS on May 24, 1999 in its Tifton location. (Compl. ¶¶ 2, 5; Doc. 1). Plaintiff alleges in his complaint that during the course of his employment his white supervisor threw papers on the floor instead of handing them to Plaintiff, called Plaintiff names, yelled at Plaintiff, and got in Plaintiff's face. Plaintiff also alleges that other white co-workers made disparaging remarks about his work ability, and one white supervisor took a job away from him for not doing it correctly. (Compl. ¶ 9). Plaintiff's employment with UPS was terminated on May 19, 2011. (Compl. ¶ 5). Plaintiff contends that he was discriminated against based on his race, religion, national origin, and age when he was terminated. (Compl. ¶ 6).

On March 20, 2012, Plaintiff filed a Charge of Discrimination with the EEOC. (Mot. to Dismiss, Exh. A; Doc. 11-2). In the EEOC charge, Plaintiff alleged that the

discrimination at issue took place on May 19, 2011, and that the discrimination was based on his race, religion, and age. Plaintiff also alleged retaliation. The EEOC issued a Notice of Right to Sue on December 27, 2012. Plaintiff filed this lawsuit on March 29, 2013. UPS has now filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b) for failure to exhaust administrative remedies and failure to state a claim upon which relief can be granted.

## II.   ANALYSIS

In considering a motion to dismiss under Rule 12(b)(6), the court tests the legal sufficiency of the complaint, not whether the plaintiff will ultimately prevail on the merits. Scheur v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002). The court, however, need not accept the complaint's legal conclusions as true. Ashcroft v. Iqbal, 556 U.S. 662, 677-79, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009).

A complaint must also "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). The plaintiff is required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While there is no probability requirement at the pleading state, "something beyond . . . mere possibility . . . must be alleged." Twombly, 550 U.S. at 557 (citing Dura

Pharm., Inc. v. Broudo, 544 U.S. 336, 347, 125 S.Ct. 1627, 1635, 161 L.Ed.2d 577 (2005)). Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, id. at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting Twombly, 550 U.S. at 556).

### A.     Consideration of the EEOC Charge

Prior to addressing the merits of UPS's motion, the Court must determine whether consideration of a document outside of the pleadings - Plaintiff's EEOC charge - requires converting the motion to dismiss into a motion for summary judgment. The Court finds that it does not.

Typically, "[w]hen a court considers matters outside of the pleadings in a [Rule] 12(b)(6) motion to dismiss, the court converts that motion into a motion for summary judgment." Johnson v. Unique Vacations, Inc., 498 F.App'x 892, 894 (11th Cir. 2012). But such a conversion is not always required. The Court may consider a document outside of the pleadings without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) its authenticity is not challenged. *See* Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010). Further, "a document central to the complaint that the defense appends to its motion

3

to dismiss is also properly considered, provided that its contents are not in dispute." Harris v. Ivax Corp., 182 F.3d 799, 802 n. 2 (11th Cir. 1999).

The Court can consider the EEOC charge when reviewing the motion to dismiss because the charge is central to Plaintiff's claims and is undisputed. Courts regularly consider EEOC charges when ruling on motions to dismiss, and the Court will do so here. *See, e.g.*, Chestnut v. Ethan Allen Retail, Inc., --- F.Supp.2d ---, 2013 WL 5290123, at *3-4 (N.D. Ga. Sept. 20, 2013); Harris v. Bd. of Trustees Univ. of Ala., 846 F.Supp.2d 1223, 1238 n. 20 (N.D. Ala. 2012); Scott v. Rite Aid of Ga., Inc., No. 7:11-CV-180 (HL), 2012 WL 1409326, at *1 (M.D. Ga. Apr. 23, 2012).

### B.     Title VII

Plaintiff alleges that UPS subjected him to retaliation and discrimination based on his race and religion in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and discrimination based on his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"). Because Plaintiff failed to exhaust his administrative remedies, both his Title VII and ADEA claims must be dismissed.[1]

A plaintiff proceeding under Title VII must comply with procedural requirements enumerated in the statute, including the duty to exhaust administrative remedies as a prerequisite to filing suit. 42 U.S.C. § 2000e-5; H & R Block E. Enters., Inc. v. Morris, 606 F.3d 1285, 1295 (11th Cir. 2010). "Failure to file a timely

---

[1] Plaintiff also checked the box on his form complaint that UPS discriminated against him based on his national origin. However, he did not check the box for national origin on his EEOC charge, or allege any facts in the narrative section that could be construed to raise a claim for discrimination based on national origin. Thus, Plaintiff did not administratively exhaust his national origin claim, and it must be dismissed. *See*

charge with the EEOC results in a bar of the claims contained in the untimely charge." Jordan v. City of Montgomery, 283 F.App'x 766, 767 (11th Cir. 2008). In Georgia, a discrimination charge must be filed "within 180 days of the last discriminatory act." 42 U.S.C. § 2000e-5(e)(1); H & R Block, 606 F.3d at 1295. Plaintiff's EEOC charge, which is dated March 15, 2012 and was received by the EEOC on March 20, 2012, states that his employment was terminated on May 19, 2011, and that is the last possible discriminatory act. Plaintiff needed to file his EEOC charge within 180 days of the latest alleged act of discrimination, May 19, 2011. Therefore, Plaintiff's EEOC charge was due on or before November 15, 2011. Plaintiff's EEOC charge is dated March 15, 2012 and was not received by the EEOC until March 20, 2012. Plaintiff's Title VII claims are time-barred, and thus must be dismissed.

### C. ADEA Claim

As noted above, Plaintiff also asserts a claim under the ADEA for age discrimination. A plaintiff bringing suit under the ADEA is subject to the same exhaustion requirements as under Title VII. Kelly v. Dun & Bradstreet Corp., 457 F.App'x 804, 805 (11th Cir. 2011). Therefore, Plaintiff's ADEA claim must also be dismissed.

## III. CONCLUSION

Because Plaintiff's claims are time-barred, it is not necessary to address Defendant's contention that Plaintiff's complaint fails to state a claim upon which

---

Francois v. Miami Dade County, Port of Miami, 432 F.App'x 819, 822 (11th Cir. 2011).

relief can be granted. Defendant's Motion to Dismiss (Doc. 11) is granted. Plaintiff's complaint is dismissed. The Clerk of Court is directed to enter judgment in Defendant's favor and close this case.

**SO ORDERED**, this the 24th day of December, 2013.

>   */s/ Hugh Lawson*
>   **HUGH LAWSON, SENIOR JUDGE**

mbh