## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

**LARRY THOMAS NIXON**,

     Plaintiff,

v.                                                    Civil Action No. 7:13-CV-38 (HL)

**UNITED PARCEL SERVICE, INC.,**

     Defendant.

## ORDER

This case is before the Court on Plaintiff's Motion for Leave to Appeal *In Forma Pauperis* ("IFP"). (Doc. 21). The Court denies Plaintiff's motion for the reasons discussed below.

Federal Rule of Appellate Procedure 24(a) provides that "a party to a district court action who desires to appeal *in forma pauperis* must file a motion in the district court." The moving party further must attach an affidavit outlining an inability to pay. Id. The Court then may waive prepayment of the fees associated with an appeal upon a finding of indigence. 28 U.S.C. § 1915(a)(1); see also Watson v. Ault, 525 F.2d 886, 891 (11th Cir. 1976) ("the only determination to be made by the court . . .is whether the statements in the affidavit satisfy the requirement of poverty"). The decision to grant a motion to proceed IFP is discretionary. Pace v. Evans, 709 F.2d 1428, 1429 (11th Cir. 1983). The litigant

need not prove that he is "absolutely destitute"; however, he must show that "because of his poverty, [he] is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004).

On March 29, 2013, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis* along with his underlying complaint. After carefully reviewing Plaintiff's long form application, the Court determined that Plaintiff did not meet the financial criteria to proceed IFP and was able to incur the cost of the filing fee without undue hardship. (Doc. 5). Plaintiff's current IFP application demonstrates little change in Plaintiff's economic status.

Plaintiff and his wife both remain employed. Plaintiff has been employed by his current employer since January 2013. His gross monthly income is $1000. Plaintiff's wife has been employed with her current employer since August of 1985. Her gross monthly income is $2,442. While Plaintiff notes that his wife will be retiring, he makes no mention of when she will retire or how retirement will impact her monthly income. Thus, the Court finds that their combined gross wages equal $41,304 per year, or $3,442 per month. [1]

Plaintiff now lists only two dependents on his application, whereas he previously claimed three. Plaintiff states that he and his wife have about $2 each

---

[1] In making an IFP determination, the Court can consider income provided by a spouse. See Monti v. McKeon, 600 F. Supp. 112, 114 (D.Conn. 1984). There is no indication in the motion that Plaintiff and his wife do not share their income.

in their respective checking accounts. They own two vehicles, whose value Plaintiff states decreased from $2,500 to $1,800. Plaintiff alleges in his application that his home has a value of $165,000; however, according to the Tift County Tax Assessor's records, the current tax value of the property located at 22 Sandcreek Road, Tifton, Georgia, owned by Larry T. Nixon and Sherin R. Nixon, is only $124,112. Plaintiff's application does not reflect how much equity Plaintiff and his wife may have in the property.

Plaintiff's monthly living expenses include: $855 mortgage payment; $220 for utilities; $450 for food; $20 per week for laundry and dry-cleaning; $30 for clothing; $120 for transportation; $257 for life and health insurance; $175 for car insurance. Plaintiff states that he and his wife have monthly medical and dental expenses as well, but the entry in the column specific to Plaintiff is illegible and will be disregarded. Plaintiff alleges that his wife has $41 per month in health related expenses. According to the Court's calculation, the combined total monthly expenses for Plaintiff's household are $2,234.

Based on the information provided in Plaintiff's application, the Court finds that Plaintiff and his wife can provide necessities for themselves and their dependents and also pay the filing fees and costs associated with the appeal without undue hardship. With a combined monthly income of $41,304 per year,

Plaintiff and his family fall well above the poverty level for a family of four, which for 2014 is $23,850.[2] See http://aspe.hhs.gov/poverty/14poverty.cfm.

Plaintiff does not meet the financial criteria to proceed IFP. The Court denies his motion. Plaintiff will have until June 23, 2014 to pay the entire $500 filing fee to the Eleventh Circuit Court of Appeals.

**SO ORDERED**, this 3rd day of June, 2014.


*s/ Hugh Lawson*_____
**HUGH LAWSON, SENIOR JUDGE**

aks

---

[2] Although not dispositive, the poverty guidelines set by the United States Department of Health and Human Services may serve as a measure to be used when evaluating whether a plaintiff should be permitted to proceed IFP. See Martinez, 364 F.3d at 1305.

4